FILED
HARRISBURG, PA

FEB 19 2025

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:25-CR-49 |
| | : | |
| v. | : | (Judge NEARY ) |
| | : | |
| STEPHEN FREELAND, | : | |
| ELIJAH FERRER, and | : | |
| JAEVONE LOPEZ, | : | |
| Defendants. | : | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1
18 U.S.C. § 371
(Conspiracy to Unlawfully Engage in the Business of Dealing Firearms without a License)

Between in or about April 2024 and in or about July 2024, in York County, within the Middle District of Pennsylvania, the defendants,

**STEPHEN FREELAND,**
**ELIJAH FERRER,** and
**JAEVONE LOPEZ,**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: unlawfully engaging in the business of dealing

firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the objectives of the conspiracy included, among others, the following:

The defendants and their co-conspirators engaged in street level firearms trafficking, including arranging transactions for and selling of firearms to customers.

The defendants and their co-conspirators arranged for the shipment of Machine Gun Conversion Devices, or autosears, from Florida to York County, Pennsylvania.

The defendants and their co-conspirators discussed with each other the selling of firearms operation via electronic messaging.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

1.  On or about April 19, 2024, in the Middle District of Pennsylvania, the defendant, Stephen Freeland, conducted a street level transaction for a firearm.

2.  On or about April 23, 2024, in the Middle District of Pennsylvania, the defendant, Stephen Freeland, conducted a street level transaction for a firearm.

3.  On or about April 24, 2024, in the Middle District of Pennsylvania, the defendant, Stephen Freeland, conducted a street level transaction for a firearm.

4.  On or about May 8, 2024, in the Middle District of Pennsylvania, the defendant, Stephen Freeland, conducted a street level transaction for a firearm.

5.  On or about June 5, 2024, in the Middle District of Pennsylvania, the defendants, Stephen Freeland and Elijah Ferrer, conducted a street level transaction for a firearm.

6.  On or about June 18, 2024, in the Middle District of Pennsylvania, the defendants, Stephen Freeland and Elijah Ferrer, conducted a street level transaction for firearms.

3

7. On or about June 26, 2024, in the Middle District of Pennsylvania, the defendants, Stephen Freeland and Jaevone Lopez, conducted a street level transaction for Machine Gun Conversion Devices, or autosears.

8. On or about July 1, 2024, in the Middle District of Pennsylvania, the defendants, Elijah Ferrer and Jaevone Lopez, conducted a street level transaction for a firearm.

9. On or about July 3, 2024, in the Middle District of Pennsylvania, the defendants, Stephen Freeland, Elijah Ferrer, and Jaevone Lopez, were found in possession of various firearms, firearm parts, and ammunition.

10. On or about July 11, 2024, in the Middle District of Pennsylvania, a package was intercepted for the defendants that contained 10 Machine Gun Conversion Devices, or autosears.

11. The conduct alleged in counts 3 through 12 of this indictment.

In violation of Title 18, United States Code, Sections 371, 922(a)(1)(A), 923(a), and 924(a)(1)(D).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. § 922(a)(1)(A)
(Unlawfully Engaging in the Business of Dealing Firearms without A License)

Paragraphs 1 through 11 of Count 1 are incorporated here.

Between in or about April 2024 and in or about July 2024, in York County, within the Middle District of Pennsylvania, the defendants,

**STEPHEN FREELAND,**
**ELIJAH FERRER,** and
**JAEVONE LOPEZ,**

not being licensed dealers of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D) and 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about June 5, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**ELIJAH FERRER**,

did knowingly possess and transfer a machinegun, that is, a 9mm Poly 80% Privately Made Firearm with Glock slide and barrel SN#BXDG896 with autosear.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about June 18, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**STEPHEN FREELAND**,

did knowingly possess and transfer machineguns, that is, a 9mm Black and Blue Privately Made Firearm with autosear and weapon light, and a 9mm Black Privately Made Firearm with autosear.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 5

18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about June 18, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

## ELIJAH FERERR,

did knowingly possess and transfer machineguns, that is, a 9mm Black and Blue Privately Made Firearm with autosear and weapon light, an a 9mm Black Privately Made Firearm with autosear.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 6

18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about June 26, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

## STEPHEN FREELAND,

7

did knowingly possess and transfer machineguns, that is, four autosear devices.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 7

18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about June 26, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**JAEVONE LOPEZ**,

did knowingly possess and transfer machineguns, that is, four autosear devices.

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

8

THE GRAND JURY FURTHER CHARGES:

## COUNT 8

18 U.S.C. § 922(o)
(Illegal Possession and Transfer of a Machine Gun)

On or about July 3, 2024, in York County, within the Middle

District of Pennsylvania, the defendant,

### JAEVONE LOPEZ,

did knowingly possess and transfer a machinegun, that is, a Black 9mm

Privately Made Firearm with autosear.

In violation of Title 18, United States Code, Sections 922(o) and

924(a)(2).

THE GRAND JURY FURTHER CHARGES:

## COUNT 9
18 U.S.C. § 922(g)
(Possession of a Firearm by a Prohibited Person)

On or about July 1, 2024, in York County, within the Middle

District of Pennsylvania, the defendant,

### ELIJAH FERRER,

knowing he had previously been convicted of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed a

9

firearm, to wit, a Kahr PM40 .40 caliber pistol SN JAG522, and the firearm possessed was in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

THE GRAND JURY FURTHER CHARGES:

## COUNT 10
18 U.S.C. § 922(k)
(Possession of a Firearm with an Obliterated Serial Number)

On or about April 23, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**STEPHEN FREELAND,**

knowingly possessed a firearm, that is a Ruger LCR 38 SPL+P revolver, that had been shipped and transported in interstate commerce, from which the manufacturer's serial number had been removed, altered and obliterated, as the defendant knew.

All in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

THE GRAND JURY FURTHER CHARGES:

## COUNT 11
18 U.S.C. § 922(k)
(Possession of a Firearm with an Obliterated Serial Number)

On or about July 3, 2024, in York County, within the Middle District of Pennsylvania, the defendant,

**STEPHEN FREELAND,**

knowingly possessed a firearm, that is a Rock Island Armory M1911-A1 FS .45 caliber pistol, that had been shipped and transported in interstate commerce, from which the manufacturer's serial number had been removed, altered and obliterated, as the defendant knew.

All in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 11 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

11

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371, 922(a)(1)(A), 922(o), 922(g)(1), and 922(k) set forth in Counts 1 through 12 of this Indictment, the defendants,

**STEPHEN FREELAND,**
**ELIJAH FERRER**, and
**JAEVONE LOPEZ**

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

a.    a Taurus PT 709 9mm pistol SN# TET62058 and any associated ammunition.

b.    a Ruger LCR 38 SPL+P Revolver with obliterated serial number and any associated ammunition.

12

c.    a tan Polymer 80 Privately Made Firearm and any associated ammunition.

d.    a Ruger EC9S 9mm pistol SN#458-82524 and any associated ammunition.

e.    a Poly 80% Privately Made Firearm with Glock slide and barrel SN#BXDG896 and any associated ammunition.

f.    a Blue and Black 9mm Privately Made Firearm with weapon light and any associated ammunition.

g.    a Black 9mm Privately Made Firearm and any associated ammunition.

h.    a Kahr PM40 .40 caliber pistol SN#JAG522 and any associated ammunition

i.    a Black 9mm Privately Made Firearm and any associated ammunition.

j.    a Rock Island Armory M1911-A1 FS .45 caliber pistol and any associated ammunition.

3.    If any of the property described above, due to any act or omission of the defendant:

13

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

A TRUE BILL

FOREPERSON

2/19/2025
Date

JOHN C. GURGANUS
Acting United States Attorney

MARK G. MONROE
Special Assistant U.S. Attorney

14